### GUY R. DAVIS v. W. T. RALPH.

(Filed 24 February, 1960.)

**Landlord and Tenant §§ 10, 11—**

Where plaintiff's own evidence shows that at the end of each year he made a separate contract with defendant landlord for the ensuing year, and further discloses that no agreement for renting the land for the year in question was reached, plaintiff's own evidence discloses that he was not a tenant from year to year and nonsuit is properly entered in his action for breach of lease agreement.

APPEAL by plaintiff from *Stevens, J.*, at December 1959 Civil Term, of BEAUFORT.

Civil action to recover damages for alleged breach of oral sharecrop arrangement for the year 1956 in accordance with terms of pre-existing contract.

Defendant answering denies in material aspect the allegations of the complaint.

Upon trial in Superior Court plaintiff testified in pertinent part that: "It was ordinarily my practice while I was renting from Dr. Ralph to make arrangements at the end of the year with him for the

coming year. Each year when the year was completed I went to see Dr. Ralph and always rented it ahead. Ordinarily it would be before December. It could be right after the merchandise was harvested. That was usually sometime around December. In December of the year 1955 I had a conversation concerning 1956. Dr. Ralph said 'I don't know what I'm going to do with that piece of land another year.'"

And again the plaintiff testified: "I had no other conversation with Dr. Ralph concerning this land during the month of December 1955. The next conversation I had with Dr. Ralph concerning the renting of this land was in June or July * * * I went into his office and asked him what he had decided to do. He said 'I have not decided to do nothing. I told you last year that I was not going to rent it to you next year.' I said 'Doctor, you did not tell me that. I can tell you the exact words you said. You told me that you did not know what you were going to do with that piece of land another year.'"

Motion of defendant entered when plaintiff rested his case for judgment as of nonsuit was allowed. To judgment in accordance therewith plaintiff excepts and appeals to Supreme Court, and assigns error.

*Wilkinson & Ward for plaintiff, appellant.*
*Carter & Ross for defendant, appellee.*

PER CURIAM: While there is much other evidence shown in the record of the case on appeal the quoted portions hereinabove set forth are pivotal, and justify the ruling of the trial court from which appeal is taken. Taking the evidence in the light most favorable to plaintiff, as is done in considering motion for judgment as of nonsuit, it seems clear that plaintiff recognized that he was not a tenant from year to year but that each year he entered into a new agreement with defendant for the renting of the land, and that there was no agreement for the year 1956. Hence the judgment as of nonsuit is

Affirmed.